**S.U., a minor, by and through Elisabeth FELDMAN, Petitioner,**

v.

**YOUTH CARE OF UTAH, INC. and Does 1 through X, Respondent.**

No. 2:04–CV–00933 PGC.

United States District Court, D. Utah, Central Division.

Nov. 23, 2004.

Thomas Burton, Pleasanton, CA, for petitioner.

M. Dayle Jeffs, Provo, UT, for respondent.

**ORDER DENYING PETITION FOR CIVIL HABEAS CORPUS [# 1–1]; GRANTING MOTION TO STRIKE DECLARATIONS OF ELISABETH FELDMAN AND THOMAS M. BURTON [# 17–1]; AND GRANTING MOTION TO DISMISS PETITION FOR CIVIL HABEAS CORPUS [# 19–1]**

CASSELL, District Judge.

The relevant facts of this case are simple and undisputed. S.U. is a troubled

minor. After S.U. began showing problems of self-abuse, depression, and thoughts of suicide, her mother determined to place her in a youth treatment facility in Draper, Utah. To facilitate its educational goals, the facility limits S.U.'s contact with others. Purporting to act on S.U.'s behalf, Elisabeth Feldman has requested from this court a writ of habeas corpus ordering that S.U. be released from the facility into her custody. Ms. Feldman's only connection to S.U. is that she is the mother of one of S.U.'s friends.

Ms. Feldman is essentially asking that parenting decisions be subject to litigation in federal court at the request of anyone purporting to act in the child's best interest. Nothing in the law justifies such an expansive view of judicial power. Accordingly, the court DENIES the petition for a writ of habeas corpus.

## DISCUSSION

### A. Petition for Writ of Habeas Corpus

Ms. Feldman has not established that she has standing to bring this suit on behalf of S.U. The Supreme Court addressed "next friend" standing under the habeas corpus statutes in *Whitmore v. Arkansas*.[1] The Court recognized that 28 U.S.C. § 2242 provides for "next friend" standing but found that "standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."[2] The Court identified two "firmly rooted prerequisites" for standing: "First, a 'next friend' must provide an adequate explanation—such as inaccessi-

bility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action .... Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."[3] The Court also noted, however, that generally "a 'next friend' must have some significant relationship with the real party in interest."[4] The burden is on the purported next friend "to establish the propriety of [her] status and thereby justify the jurisdiction of the court." The Court noted that "it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves next friends" and that the standing requirement under Article III could not be subverted "by assuming the mantle of 'next friend.'"[5]

Ms. Feldman has not carried her burden. As she has essentially admitted, she has no clear relationship with S.U.. She is, instead, merely the mother of one of S.U.'s friends. Care and concern alone are not enough to create standing.[6] For example, the Supreme Court in *Whitmore* cited approvingly the case of *Davis v. Austin*,[7] where the district court denied standing to a minister and first cousin claiming "next friend" status of a prisoner. Ms. Feldman does not even have this much of a relationship.

Moreover, the court cannot definitively say that Ms. Feldman has the best interests of S.U. in mind, at least any more so than S.U.'s mother who made what was no doubt a difficult decision to place S.U. into

---

1. 495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

2. *Id.* at 163, 110 S.Ct. 1717.

3. *Id.*

4. *Id.* at 163–64, 110 S.Ct. 1717.

5. *Id.* at 164, 110 S.Ct. 1717.

6. *See Bear Lodge Multiple Use Ass'n. v. Babbitt*, 175 F.3d 814 (10th Cir.1999), *cert. denied.*, 529 U.S. 1037, 120 S.Ct. 1530, 146 L.Ed.2d 345 (2000).

7. 492 F.Supp. 273 (N.D.Ga.1980).

the Youth Care facility. In fact, a California court has issued a restraining order against Ms. Feldman at the request of S.U.'s mother. While Ms. Feldman disputes the validity of the restraining order and the facts used to obtain it, it at least raises a substantial question about whether Ms. Feldman has S.U.'s best interests in mind. Accordingly, the court finds that Ms. Feldman does not have standing as a "next friend" to file for habeas corpus relief on behalf of S.U.

■ As a second reason for denying the petition, the court finds that the petitioner has not established the requisite "state action." S.U. is not being held in federal or state custody, but in a private facility. The habeas statutes protect individuals against state action.[8] "Non-constitutional claims are not cognizable in federal habeas corpus proceedings."[9] The actions complained of by the petitioner here would, at most, constitute bad mothering or bad teaching, but not a constitutional violation. State laws, of course, protect children against abusive and neglectful parents. But such claims should be filed with state child welfare divisions, not the federal courts. "[F]ederal habeas has never been available to challenge parental rights or child custody,"[10] which is essentially what Ms. Feldman asks for. Indeed, the specific relief requested in this case is for S.U. to be released, not to the custody of her mother, but to the custody of Ms. Feldman or her attorney.

■ Ms. Feldman argues that no state action is necessary here because part of the claim is that S.U. is being held in "involuntary servitude" in violation of the Thirteenth Amendment which does not require state action. The Thirteenth Amendment, however, "was not intended to introduce any novel doctrine ... or to disturb the right of parents and guardians to the custody of their minor children or wards."[11] Even child abuse, for example, is not a form of involuntary servitude.[12] The Thirteenth Amendment simply does not apply in this context.

■ This brings the court to an additional reason for denying the petition—the failure to exhaust state law remedies. "Generally, before a habeas petition may be granted, a petitioner must demonstrate exhaustion of state court remedies 'unless there is an absence of available State corrective process.'"[13] Utah state law provides procedures and remedies for alleged cases of child abuse.[14] California law surely provides the same. Ms. Feldman has not shown that these state law remedies were sought before she filed this petition for a writ of habeas corpus.

Finally, the court notes that this ruling does not leave children placed into facilities such as Youth Care unprotected. For one, these facilities are regulated by the State and must meet certain requirements before they can be licensed. In addition, there are procedures in place for concerned citizens to report allegations of

8. *See Hickock v. Crouse,* 334 F.2d 95, 100 (10th Cir.1964), *cert. denied,* 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572 (1965).

9. *Romer v. Keane,* 1995 WL 758727 (S.D.N.Y. 1995) (citing *Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982)).

10. *Lehman v. Lycoming County Children's Services Agency,* 458 U.S. 502, 511, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982).

11. *Robertson v. Baldwin,* 165 U.S. 275, 282, 17 S.Ct. 326, 41 L.Ed. 715 (1897).

12. *Teresa T. v. Ragaglia,* 154 F.Supp.2d 290, 305 (D.Conn.2001).

13. *Gamble v. Calbone,* 375 F.3d 1021, 1026 (10th Cir.2004) (citation omitted).

14. *See* Utah Code Ann. § 62A–4a–401 *et seq.*

abuse to state child welfare agencies. As a result, in cases such as this one, there is no need to litigate parenting decisions in federal court. Concerned citizens should not be allowed to simply file suit asserting to act in the "best interests" of the child. Such an approach would be a recipe for constant meddling by neighbors and concerned citizens when parents make difficult decisions as to the best way to raise their children.

### B. Motion to Strike Declarations

The court grants respondents motion to strike the declaration and supplemental declaration of Elisabeth Feldman as well as the declaration of Thomas Burton. As counsel conceded at trial, neither Ms. Feldman nor Mr. Burton have "the slightest clue" how S.U. is being treated inside the facility. The declarations, therefore, cannot be based on personal knowledge and are stricken as lacking appropriate foundation inasmuch as they purport to show how S.U. is being treated inside the treatment facility.

### CONCLUSION

The court, therefore, DENIES the petition for civil habeas corpus (# 1–1). The court GRANTS the motion to strike declarations (# 17–1). The court also GRANTS respondent's motion to dismiss the petition for habeas corpus (# 19–1). The clerk's office is directed to close this case.